UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

--------------------------------------------------------

FEDERAL TRADE COMMISSION,      :      CASE NO.16-CV-371

         Plaintiff,      :

     vs.      :      OPINION & ORDER
     :      [Resolving Doc. 19]

STRATFORD CAREER INSTITUTE,      :

         Defendant.      :

--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Federal Trade Commission (FTC) sues Defendant Stratford Career Institute (SCI), seeking a permanent injunction and ancillary consumer relief for alleged deceptive practices, in violation of Federal Trade Commission Act 5(a).[1] Plaintiff alleges that Defendant falsely represented that its diploma program was equivalent to a valid high school diploma, and that these claims were not substantiated at the time of representation.[2]

Defendant raised eleven affirmative defenses in its answer.[3] Plaintiff asserts that four of Defendant's affirmative defenses fail as a matter of law or give insufficient notice.[4] Plaintiff now moves to strike these four Defendant SCI affirmative defenses under Federal Rule of Civil Procedure 12(f).[5] For the below reasons, the Court **DENIES** Plaintiff's motion to strike defenses four, five, and six, and **GRANTS** Plaintiff's motion to strike defense nine.

---

[1] Doc. 1.
[2] *Id.* at ¶¶ 19-21.
[3] Doc. 16.
[4] Doc. 19.
[5] *Id.*

Case No. 16-CV-371
Gwin, J.

## I.    Background

Plaintiff is a United States Government independent regulatory agency.[6] Defendant is a

District of Columbia Corporation with its principal place of business in Mount-Royal, Quebec.[7]

Defendant operates a distance learning correspondence school that transacts or has transacted

business in this district.[8]

Defendant offers a high school diploma program.[9] Plaintiff alleges that Defendant

utilized deceptive or misleading statements in advertising this program.[10] Plaintiff specifically

argues that, contrary to Defendant's representations, many consumers cannot utilize the high

school diploma program for colleges and universities enrollment, or to obtain, keep, or advance

in a job.[11] Defendant raised eleven affirmative defenses.[12]

Plaintiff now moves to strike the following Defendant affirmative defenses:[13]

Plaintiff's claims are barred, in whole or part:

(4) by estoppel, as other courts have already determined Defendant's
representations are not misleading.
(5) because Defendant acted in good faith and in a lawful manner towards
consumers and in conformity with all lawful laws and regulations in its
advertising, marketing and sales practices.
(6) because Defendant's actions are privileged under the First Amendment to the
United States Constitution.
(9) because Plaintiff failed to take reasonable efforts to mitigate damages, if any,
by delaying in bringing such claims and by failing to enter into a reasonable
settlement agreement.

Plaintiff asserts that these four affirmative defenses are insufficient as a matter of law or give

insufficient notice.[14]  Defendant opposes Plaintiff's motion to strike its affirmative defenses

---

[6] Doc. 1 at ¶ 4.
[7] *Id.* at ¶ 6.
[8] *Id.* at ¶8, 10.
[9] *Id.* at ¶ 10.
[10] Doc. 1.
[11] *Id.* at ¶¶ 11-16.
[12] Doc. 16.
[13] Doc. 19.
[14] *Id.*

-2-

Case No. 16-CV-371
Gwin, J.

Defendant argues that the affirmative defenses are not insufficient as a matter of law and asks for

leave to amend defenses in the event that they are insufficient.[15]

## II.     Legal Standard

Rule 12(f) allows a court to strike an "insufficient" defense, or any "redundant,

immaterial, impertinent, or scandalous matter."[16]

This Court follows the majority approach in finding that the *Iqbal* and *Twombly* pleading

requirements do not apply to affirmative defenses.[17] But, affirmative defenses still need to

provide "fair notice of the nature of the defense."[18] A defense is insufficient if, as a matter of

law, the defense cannot succeed under any circumstances or has "no possible relation to the

controversy."[19]  As a result, general or boilerplate defenses are acceptable, even if they lack

factual specificity, so long as it remains possible that the defenses relate to the claim at hand.[20]

If, however, the relevant legal standard for the defense makes the affirmative defense

completely inapplicable, then the defense must be struck.[21]

For example, in one case from this district, a defendant raised the affirmative defense of

economic duress "caused by the control" of the plaintiff or its agents.[22]  The Court struck this

defense, noting that under Ohio law, control alone was not sufficient to constitute economic

duress.   As a result, the affirmative defense had no possibility of succeeding.[23]

---

[15] Doc. 24.

[16] Under Rule 12(f), the Court may act *sua sponte*, or in response to a party's motion that is filed within 21 days after being served with the responsive pleading.

[17] *The Odd State of Twiqbal Plausibility in Pleading Affirmative Defenses,* 70 Wash & Lee L.Rev. 1573, 1602-05 (2013); *see also*, *Rosul v. Klockemann*, No. 1:15-CV-00996, 2015 WL 5233187, at *6 (N.D. Ohio Sept. 8, 2015).

[18] *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006).

[19] *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

[20] *Id.*

[21] *HCRI TRS Acquirer LLC v. Iwer*, 708 F. Supp. 2d 687, 692 (N.D. Ohio 2010).

[22] *Id.*

[23] *Id.*; *see also Sprint Sols., Inc. v. Shoukry*, No. 2:14-CV-00127, 2014 WL 5469877, at *3 (S.D. Ohio Oct. 28, 2014) (striking the affirmative defenses of fraud and failure of conditions precedent, based on the higher pleading standard for these claims found in Rule 9).

Case No. 16-CV-371
Gwin, J.

### III.     Discussion

    *a.  Fourth Defense: Estoppel*

Plaintiff argues that Defendant's fourth defense, estoppel, is insufficient as a matter of law because Defendant's ruling in *Deweese v. Stratford Career Center*[24] does not bar this suit.[25] Primarily, Plaintiff asserts that the *Deweese* ruling has no preclusive effect here because Plaintiff was not a party nor in privity to a party in *Deweese*.[26] Defendant responds that there are exceptions to the rule against nonparty preclusion, and that as a matter of law, the defense is valid and raises issues of fact.

Generally, estoppel requires that the estopped party be a party to or in privity with a party to the initial suit.[27] However, Defendant validly highlights exceptions to this general rule, such as a substantive legal relationship between the non-party and party to judgment.[28]

Since there are valid, albeit unlikely, exceptions that could validate Defendant's estoppel defense, the Court cannot rule that the defense is invalid as a matter of law without resolving a factual dispute. Furthermore, Defendant did not limit this defense to *Deweese*, and may utilize additional cases in which Plaintiff was a party or in privity to a party.

The Court will not make factual determinations at this stage and therefore, cannot strike Defendant's fourth defense. Thus, this Court **DENIES** Plaintiff's motion to strike Defendant's fourth defense.

---

[24] *Deweese v. Stratford Career Institute, Inc.*, No. 1-14-0074, 2014 Ill. App. Unpub. LEXIS 2218 (Ill. App. Ct. Sept. 30, 2014).

[25] Doc. 19 at 3-5.

[26] *Id.*

[27] *Hayes v. State Teacher Certification Bd.*, 835 N.E.2d 146, 155 (2005). ("The full faith and credit clause [28 USC §1738] requires this court to give state court judicial proceedings the same preclusive effect those proceedings would receive in courts of the same state."), *W.J. O'Neil Co. v. Shepley, Bulfinch, Richardson & Abbott, Inc.*, 765 F.3d 625, 629 (6th Cir. 2014).

[28] *See Ludwig v. Twp. of Van Buren,* 682 F.3d 457, 462 (6th Cir. 2012) (citing *Taylor v. Sturgell,* 553 U.S. 880, 893-95 (2008)) (outlining six separate exceptions to estoppel privity requirements).

Case No. 16-CV-371
Gwin, J.

> b. *Fifth Defense: Good Faith and Lawfulness*

Plaintiff argues that Defendant's fifth defense, that Defendant acted lawfully and in good faith, fails as a matter of law because good faith is not a defense to liability under Section 5 of the FTCA.[29] Plaintiff also argues that Defendant's fifth defense fails to give notice because it does not identify the particular rules and regulations to which Defendant purportedly conformed.[30]

An advertiser's good faith does not immunize it from responsibility for its misrepresentation.[31] However, a defendant's intent is relevant to the Court's determination of appropriate relief, such as the contemplation of a permanent injunction.[32]

Good faith does not absolve Defendant of liability. However, Defendant's good faith remains relevant to the determination of appropriate relief in this case because Plaintiff is seeking a permanent injunction. Defendant's fifth defense of good faith is not insufficient as a matter of law.

Plaintiff also challenges Defendant's fifth defense on the grounds that it does not provide sufficient notice because it does not enumerate the laws it arguably follows in good faith. However, Defendant's fifth defense explicitly reports good faith action, in conformity with "all lawful laws," thereby notifying Plaintiff that the scope of his defense includes all "lawful laws." Unlike the pleading standard for claims in *Iqbal*, Defendant need not present further facts in pleading an affirmative defense. Therefore, Defendant's fifth defense provides sufficient notice

---

[29] Doc. 19-1 at 6.

[30] *Id.*

[31] *F.T.C. v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988) (citing *Chrysler Corp. v. F.T.C.*, 561 F.2d 357, 363 n.5 (D.C. Cir.1977)); *see also Doherty, Clifford, Steers & Shenfield, Inc. v. F.T.C.*, 392 F.2d 921, 925 (6th Cir. 1968) (holding that whether a representation is made in good or bad faith is not determinative of whether such statements are deceptive or misleading).

[32] *F.T.C. v. Bronson Partners, LLC*, No. 3:04CV1866 (SRU), 2006 WL 197357, at *1 (D. Conn. Jan. 25, 2006); *see also F.T.C. v. Medicor LLC*, No. CV011896CBMEX, 2001 WL 765628, at *2 (C.D. Cal. June 26, 2001) (denying motion to strike because good faith is relevant to whether to hold defendant individually liable or grant a permanent injunction).

-5-

Case No. 16-CV-371
Gwin, J.

to apprise Plaintiff of the defense. Thus, this Court **DENIES** Plaintiff's motion to strike

Defendant's fifth defense.

>   c.   *Sixth Defense: First Amendment Privilege*

Defendant's sixth defense is that Plaintiff's claims are barred because the First

Amendment to the United States' Constitution protected Defendant's advertising.[33] Plaintiff

argues that this defense fails as a matter of law.[34]

Speech that proposes a commercial transaction may be considered commercial speech.[35]

The First Amendment only protects commercial speech if it concerns lawful activity and is not

misleading.[36]

Defendant's advertisements are commercial speech because the speech proposes an

economic transaction by advertising the availability and price of their high school program.

Plaintiff argues that in order to fall under the protection of the First Amendment, Defendant's

speech would need to be non-misleading, which is also the dispositive issue of this suit.

While Plaintiff has illuminated the similarities between the dispositive issue and

Defendant's sixth defense, Plaintiff has not shown that this renders the defense insufficient as a

matter of law. Rather, the relation between the controversy and defense supports the defense's

validity. Furthermore, allowing this defense to stand will not prejudice the Plaintiff or burden

discovery, given the similarities between the dispositive issue and defense. Therefore, this Court

**DENIES** Plaintiff's motion to strike Defendant's sixth defense.

>   d.   *Ninth Defense: Mitigation*

Plaintiff challenges Defendant's ninth defense that Plaintiff failed to mitigate damages as

being insufficient as a matter of law.[37] Plaintiff asserts that because Plaintiff is not seeking

---

[33] Doc. 16 at 30.
[34] Doc. 19-1 at 7-9.
[35] *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 562 (1980).
[36] *Id.* at 566.

Case No. 16-CV-371
Gwin, J.

damages, delays in litigation may not be asserted against the government in suits protecting the public, and allowing such a defense would be inefficient and prejudicial.[38]

Mitigation of damages is irrelevant where all relief sought is equitable and dependent upon the amount of gain received by the defendants, not the amount of loss suffered by the plaintiff.[39] An equitable defense employed where there are unreasonable delays in litigation, sometimes referred to as laches, is inapplicable to the Government when it undertakes enforcing a public right or protecting the public.[40]

Here, Plaintiff seeks an injunction, the refund of monies paid, and disgorgement of ill-gotten monies. These constitute equitable remedies dependent upon the amount of gain received by Defendant, rather than Plaintiff. Therefore mitigation of damages is not relevant to this claim.

Defendant cites *FTC v. Verma Holdings*, where the court held that mitigation was a permissible defense where equitable remedies and disgorgement of ill-gotten monies were sought because of the possibility that the defense could become relevant to claims for relief.[41] However, this case is distinguishable because unlike here, where the Defendant claims that the FTC failed to mitigate damages, the Defendant in *Verma* claimed that consumers failed to mitigate damages. The FTC, unlike private consumers, has no established duty to mitigate damages by bringing suits earlier or entering into settlement agreements.[42]

Furthermore, Plaintiff FTC acts on behalf of the government and brought this suit to protect the public. Therefore, Defendant's mitigation defense also fails as a matter of law. This Court need not address Plaintiff's judicial efficiency argument in striking Defendant's ninth

---

[37] Doc. 19-1 at 9-11.
[38] *Id.*
[39] *F.T.C. v. Medicor LLC*, No. CV011896CBMEX, 2001 WL 765628, at *2 (C.D. Cal. June 26, 2001).
[40] *United States v. Summerlin*, 310 U.S. 414, 416, 60 S. Ct. 1019, 1020, 84 L. Ed. 1283 (1940); *see also F.T.C. v. Instant Response Sys., LLC*, No. 13 CIV. 00976 ILG, 2014 WL 558688, at *2 (E.D.N.Y. Feb. 11, 2014).
[41] *F.T.C. v. Verma Holdings, LLC*, No. 4:13-CV-00594, 2013 WL 4506033, at *7 (S.D. Tex. Aug. 22, 2013).
[42] *See United States v. United Techs. Corp.*, 950 F. Supp. 2d 949, 954 (S.D. Ohio 2013) (quoting *United States ex rel. Monahan v. Robert Wood Johnson University Hosp. at Hamilton,* 2009 WL 4576097, *8 (D.N.J.2009)).

-7-

Case No. 16-CV-371
Gwin, J.

mitigation defense, as its previous two arguments sufficiently invalidate the defense. Thus, the

Court **GRANTS** Plaintiff's motion to strike Defendant's ninth defense.


### IV.    Conclusion

For the above reasons, the Court **DENIES** Plaintiff's motion to strike in regard to defenses

four, five, and six, and **GRANTS** Plaintiff's motion to strike defense nine.


IT IS SO ORDERED.


Dated:  July 15, 2016                                      *s/       James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE